■ ROSE MIRABILE et al., Respondents, v ALBERT PROFY et al., Appellants.—In an action to recover damages for personal injuries, etc., the defendants separately appeal from an order of the Supreme Court, Queens County (Lonschein, J.), entered October 25, 1989, which, *inter alia,* denied their separate motions for summary judgment.

Ordered that the order is modified, on the law, by deleting

the provision thereof which denied those branches of the motion which were for summary judgment with respect to the plaintiffs' second cause of action and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, with one bill of costs to the appellants.

In February 1975 the plaintiff Rose Mirabile underwent a hernia operation performed by the defendant Dr. Albert Profy. Five years later, in April 1980 an X-ray revealed the presence of a surgical needle in Mrs. Mirabile's abdominal wall. The plaintiffs commenced this present action against the defendants in August 1982. Since the operation took place prior to July 1, 1975, the effective date of CPLR 214-a, the prior three-year Statute of Limitations for medical malpractice, measured from the date of discovery, governed (see, Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427). Thus, the plaintiffs' action was timely commenced (see, CPLR 214-a; L 1975, ch 109, § 37; McDermott v Torre, 56 NY2d 399; Flanagan v Mount Eden Gen. Hosp., supra).

However, since the plaintiffs' second cause of action merely alleged that the defendants "fraudulently concealed" the presence of the surgical needle, it failed to state a cause of action, and thus, should have been dismissed (see, Simcuski v Saeli, 44 NY2d 442). Sullivan, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.